# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| DOMINIQUE L. JACKSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 14-0192 (ABJ) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

In this Freedom of Information Act ("FOIA") case, the defendants United States Department of Justice and Department of Justice, Office of Information Policy ("OIP") have filed a motion for summary judgment that is ripe for decision. The Court will grant the motion for the reasons set forth below.

## FACTUAL AND PROCEDURAL HISTORY

This case concerns FOIA requests by plaintiff Dominique Jackson seeking documents that were used in a criminal proceeding against him. Compl. [Dkt. # 1] at 1–3. Specifically, on May 24, 2013, plaintiff submitted a FOIA request to the Criminal Division of the Department of Justice seeking "a copy of the Title III interception of wire, oral, and electronic communication approval letters order, applications and all other documents that are a part of the electronic surveillance" of two specific phone numbers listed on the request. Compl. Ex. B-2 [Dkt. # 1-5] ("FOIA Request").

The Criminal Division responded to the FOIA Request by letter dated July 29, 2013. Compl., Ex. B-1 [Dkt. # 1-4] ("Response Letter"); *see also* Decl. of Peter C. Sprung [Dkt. # 12-1]

("Sprung Decl.") ¶ 7 and Ex. B, attached to Def.'s Mot. for Summ. J. [Dkt. # 12]. It stated that any records responsive to plaintiff's request were exempt from disclosure pursuant to FOIA Exemption 3, 5 U.S.C. § 552(b)(3). Response Letter (explaining that the requested materials were exempted from release by statute, 18 U.S.C. §§ 2510-20, Title III of the Omnibus Crime Control and Safe Streets Act, so the division did not conduct a search for records). The Response Letter advised plaintiff of his right to appeal the decision to the Department of Justice's Office of Information and Policy ("OIP"). *Id.*

On August 28, 2013, plaintiff appealed to OIP, Compl. Ex. C; Sprung Decl. ¶ 8 & Ex. C, and on December 30, 2013, OIP affirmed the decision to withhold the records pursuant to FOIA Exemption 3. Compl. Ex. D; Sprung Decl. ¶ 9 & Ex. D.

On February 10, 2014, plaintiff filed this lawsuit *pro se*. Compl. at 1–3. He alleged that in an April 4, 2013 detention hearing in the Western District of Pennsylvania, "officers and attorneys of the DOJ disclosed, played, and did enter into evidence in the court proceeding contents of a Title III wire intercept that were alleged to belong to, or involved the plaintiff." Compl. ¶ 2, citing Compl. Ex. A.

On August 19, 2014, defendants filed the motion for summary judgment now pending before the Court. Mot. for Summ. J. and Mem. of P. & A. in Supp. of Mot. [Dkt. # 12] ("Def.'s Mem."). Notwithstanding its initial decision to withhold the documents plaintiff requested under Exemption 3 of FOIA, the agency conduced a search for responsive documents. Sprung Dec. ¶¶ 11–20, Att. 1 to Def.'s Mem.; Vaughn Index, Ex. F to Sprung Decl. It searched the two records systems it considered likely to contain the information requested by plaintiff: (a) the database used to track federal prosecutors' requests for permission to apply for court-authorization to intercept conversations of persons allegedly involved in criminal activity under Title III of the Omnibus

Crime Control and Safe Streets Act of 1968 ("the Title III request tracking system"); and (2) the database containing archived emails of Criminal Division employees that are maintained by its information technology department ("Enterprise Vault"). Sprung Decl. ¶¶ 11–20.

The agency then prepared a Vaughn Index identifying the responsive documents located through its searches. Sprung Decl. ¶ 21 and Ex. F. The Vaughn Index shows that the agency withheld most of the records located under FOIA Exemption 3, and other documents pursuant to FOIA Exemptions 5, 6, and 7(C), 5 U.S.C. §§ 552(b)(3), (5), (6) and 7(C). Vaughn Index, Ex. F.

After defendants filed their motion for summary judgment, the Court issued an order on August 28, 2014 advising plaintiff of defendants' motion, ordering him to respond by October 13, 2014, and reminding him that failure to do so "may result in the district court granting the motion and dismissing the case." Order [Dkt. # 13], quoting *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).

Thereafter, plaintiff requested and was granted a number of extensions of time to respond to the motion because he was trying to obtain trial transcripts that he considered relevant to this case and his opposition to the motion. *See, e.g*., Mot. for Extension of Time [Dkt. # 16] ¶ 7 (stating that the transcripts would show "that all information that I seek has entered into the public domain or has been officially acknowledged"); Mot. for Extension of Time [Dkt. # 21]; Mot. for Extension of Time [Dkt. # 22].

On June 5, 2015, plaintiff filed a motion to stay the case because after reviewing transcripts that he considered relevant to this matter, he "realized that the Title III wire intercepts were not transcribed" and that he was preparing a motion to correct the record. Mot. to Stay [Dkt. # 23] at 2. He requested a stay and permission to file monthly status reports "to keep this court informed

3

about the transcription of the audio recordings into the transcript." *Id.* The Court granted the motion to stay. Min. Order of Jun. 11, 2015.

While the case was stayed, plaintiff filed an number of status reports. His status report of March 29, 2017 advised the Court that his conviction had been "confirmed and on [F]ebruary 27, 2017, the appeals court denied [his] motion to correct the record" as it related to the transcripts he sought for this case. Status Rep. [Dkt. # 32].

In light of this status report, the Court lifted the stay on April 19, 2017 and ordered plaintiff to respond to defendants' motion for summary judgment by May 17, 2017, reminding him that if he failed to respond, the Court could grant the motion and dismiss the case. Order [Dkt. # 33], citing *Fox v. Strickland*, 837 F.2d 507. Plaintiff requested an extension of that deadline. Mot. for Extension [Dkt. # 34]. The Court granted him an extension until August 17, 2017 to respond to defendants' motion, Min. Order of May 24, 2017, but plaintiff still has not responded.

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other

4

documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981). Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears "logical" or "plausible." *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007) (citations omitted).

The D.C. Circuit has held that district courts cannot invoke the local rule to grant a motion for summary judgment as conceded without considering the issues on the merits. *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) ("Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be 'conceded' for want of opposition."). Accordingly, the Court will consider defendants' motion on the merits, accepting those factual assertions supported by declarations or other competent evidence.

## ANALYSIS

The Court will examine the adequacy of search that defendants conducted to locate documents responsive to plaintiffs' FOIA request, then address the grounds they assert for withholding the documents.

**I.  Defendants Conducted an Adequate Search for Responsive Records**

An agency's search for documents in response to a FOIA request is adequate if it is "beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011)*,* quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999); *see also Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). To demonstrate that it has performed an adequate search, an agency must submit a reasonably detailed affidavit describing the search. *Oglesby*, 920 F.2d at 68. An affidavit is "reasonably detailed" if it "set[s] forth the search terms and the type of search

5

performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched." *Id.* at 68; *see also Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009).

Agency affidavits attesting to a reasonable search "are accorded a presumption of good faith," *SafeCard Servs.*, 926 F.2d at 1200, that can be rebutted "with evidence that the agency's search was not made in good faith," *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 69 (D.D.C. 2001), or when a review of the record raises substantial doubt about the adequacy of the search effort. *Valencia-Lucena*, 180 F.3d at 326; *see also Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) ("If, however, the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper.").

An agency's declarations "need not 'set forth with meticulous documentation the details of an epic search for the requested records,'" *Defs. of Wildlife*, 623 F. Supp. 2d at 91, quoting *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982), but they should "describe what records were searched, by whom, and through what processes." *Id.*, quoting *Steinberg v. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994). Conclusory assertions about the agency's thoroughness are not sufficient. *See Morley v. CIA*, 508 F.3d 1108, 1121–22 (D.C. Cir. 2007).

Here, defendants submitted a declaration that described the search conducted to locate documents responsive to plaintiff's FOIA request. Sprung Decl. Plaintiff requested the Title Ill authorization memorandums, and all other documents from the agency involved in the approval process for the authorization of the electronic surveillance and interception of plaintiff's telephone and private conversations. Compl. ¶ 3; FOIA Request. To search for these documents, the agency searched the Criminal Division's Title III request tracking system and the database containing archived emails of Criminal Division employees ("Enterprise Vault"). Sprung Decl. ¶¶ 11–20.

The Title III request tracking system is the Criminal Division's information management system for tracking Title III applications submitted for internal department review by federal prosecutors across the United States. Sprung Decl. ¶¶ 13–16. The Enterprise Vault is the file and the email archiving program that the Criminal Division uses to archive email from its Microsoft Outlook email application. Sprung Decl. ¶¶ 17–18. Defendants searched the request tracking system for plaintiff's name and for the two phone numbers he identified in his FOIA request. Sprung Dec. ¶ 12. The search of the Enterprise Vault involved searching the email account of the Criminal Division attorney who reviewed the pertinent Title III request, to cover communications between the attorney and prosecutors who submitted the request during the relevant time period. Sprung Decl. ¶ 19.

Defendants' declaration set forth the search terms and type of search performed, identified which systems were searched, and averred that all files likely to contain responsive materials were searched. *See Oglesby*, 920 F.2d at 68, *White v. U.S. Dep't of Justice*, 840 F.Supp.2d 83, 89 (D.D.C. 2012). Comparing the documents plaintiff requested to the systems searched and the terms used to conduct the search, and absent any countervailing evidence suggesting that a genuine dispute of material fact exists as to the adequacy of the search, *Morley v. CIA*, 508 F.3d at 1116, the Court holds that defendants conducted an adequate search.

## II. Defendants Properly Withheld Responsive Documents Pursuant to the Privacy Act

In declining to produce documents in response to plaintiff's FOIA request, defendants cited 5 U.S.C. § 552(b)(3), which is FOIA Exemption 3. *See* Response Letter. Exemption 3 exempts from disclosure through FOIA any materials that are specifically exempted from disclosure by another statute. 5 U.S.C. § 552(b)(3). Defendants cite the Privacy Act as the statute that bars disclosure here. Defs.' Mem. at 8. The Privacy Act, which governs the acquisition, maintenance,

7

use, and disclosure of information concerning individuals by federal agencies, *Jones v. Exec. Office of President*, 167 F. Supp. 2d 10, 13 (D.D.C. 2001), exempts "any system of records within the agency" maintained by the agency or component that "performs as its principal function any activity pertaining to the enforcement of criminal laws." 5 U.S.C. § 552a(j)(2).

The Department of Justice's Criminal Division is responsible for approving federal prosecutors' requests to apply for Title III orders, which would authorize the interception of wire, oral, or electronic communications in the course of criminal investigations. *See* 18 U.S.C. § 2516. The Criminal Division's principal function is enforcing federal criminal laws, and the records plaintiff seeks are maintained in the Criminal Division's Title III request tracking system and email archives. *See* Sprung Decl. ¶¶ 12–19. The documents contained in these systems are exempted from disclosure by the Privacy Act. *See* 5 U.S.C. § 552a(j)(2)(C); 28 C.F.R. § 16.91(m) (2013) (exempting system of records containing requests to the Attorney General to approve applications to federal judges for electronic interceptions). Given that defendants conducted a search for the requested documents, the Court does not need to answer whether it had authority not to conduct a search, and holds that defendants properly invoked the exemption after it did conduct a search.[1]

---

1 Although the agency ultimately processed plaintiffs' FOIA request and prepared a Vaughn Index, the Court need not address defendants' assertions that the records at issue were separately withheld under other applicable FOIA exemptions.

## CONCLUSION

For all the reasons stated above, defendants' motion for summary judgment will be granted.

*[signature: Amy B Jackson]*

AMY BERMAN JACKSON
United States District Judge

Date: September 8, 2017